# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

LORI ANN VARICK,

    Debtor.

Case No. A09-00241-DMD
Chapter 13

**Filed On 8/7/09**

## CONFIRMATION MEMORANDUM

The debtor filed for chapter 13 relief on April 27, 2009. Over $155,000.00 in student loan liabilities were included in her schedules. The debtor filed a chapter 13 plan. It stated at paragraph 2(h): "At the end of this plan, Sallie Mae, student loan, is discharged." There were a number of deficiencies in the initial plan. At a confirmation hearing held on June 29, 2009, the debtor was required to file an amended plan by July 24th, 2009, with a confirmation hearing to be held July 28th, 2009. The debtor's amended plan contained a provision stating at paragraph 2(i): "At the end of this plan, Sallie Mae Student Loan is discharged, POC #5." At the confirmation hearing the trustee objected to this provision in the amended plan. The debtor maintained that the trustee had no standing to object to the provision, citing *Espinosa v. United Student Aid Funds.*[1]

    *Espinosa* was a Chapter 13 debtor with student loan liabilities. He included a provision in his Chapter 13 plan that provided for discharge of his student loan liabilities upon completion of the plan. Espinosa did not file an adversary action to determine whether his student loan obligations could be discharged under the "undue hardship" standard of 11 U.S.C. § 523(a)(8). He successfully completed his Chapter 13 plan, however, and contended that his student loans were discharged. The ninth circuit agreed. The student loan creditor never objected to the plan. Thus his student loan obligations were discharged without the

---

[1] *(In re Espinosa),* 553 F.3d 1193 (9th Cir. 2008).

necessity of an adversary proceeding. The ninth circuit noted that some bankruptcy judges refused to confirm plans that provided for the discharge of student loan debts without an adversary proceeding. It condemned the practice and stated that once a creditor is notified and fails to object to a plan that discharges student load debt, " . . . bankruptcy courts have no business standing in the way."[2]

A Chapter 13 trustee does have "business" to stand in the way of a Chapter 13 student loan discharge provision, however, even when the creditor fails to object. Under 11 U.S.C. § 1302(b)(2)(B), a Chapter 13 trustee "shall appear and be heard at any hearing that concerns . . . confirmation of a plan . . ." The duty to appear and be heard confers upon the Chapter 13 trustee standing to object to any aspect of a Chapter 13 plan that does not comply with the Code.[3] 11 U.S.C. § 1325(a)(1) requires that a plan comply " . . . with the provisions of this Chapter and with the other applicable provisions of this title." The debtor's plan does not comply with 11 U.S.C. § 523(a)(8). The trustee's objection to confirmation is brought by a party with standing. It has merit. Confirmation of the debtor's amended chapter 13 plan will be denied.

DATED: August 7, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   C. Johansen, Esq.
L. Compton, Trustee
U. S. Trustee
        08/07/09

---

[2] *Espinosa v. United Student Aid Funds (In re Espinosa)* 553 F.3d at 1205.

[3] *Andrews v. Loheit (In re Loheit)*, 49 F. 3d 1404 (9th Cir. 1995).